IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL GAPP, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4642 |
| | § | |
| LINDE GAS NORTH AMERICA, LLC, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Transfer Venue [Doc. # 13] filed by Defendant Linde Gas North America, LLC ("Linde"), seeking transfer of this case to the United States District Court for the Northern District of Texas, Amarillo Division. Plaintiff Russell Gapp filed a Response [Doc. # 19], and Defendant filed a Reply [Doc. # 22]. Having carefully reviewed the full record and governing legal authorities, the Court **grants** the Motion to Transfer.

### I.     **FACTUAL BACKGROUND**

Plaintiff is a citizen and resident of Colorado. Defendant is a Delaware company headquartered and having its principal place of business in New Jersey. Its only connection to the Southern District of Texas is that it owns an operational facility in Baytown, a city within the Houston Division of this federal district.

Plaintiff was injured in June 2010 in an incident at a job site located in the Amarillo Division of the Northern District of Texas. Plaintiff was delivering $CO_2$ to a well cite. Plaintiff alleges that there was an explosion involving a storage vessel that caused a piece of pipe from that vessel to strike Plaintiff's leg. Plaintiff suffered multiple fractures in his leg. Plaintiff initially received medical treatment in the Amarillo area, and was later treated in his home state of Colorado.

Plaintiff filed this lawsuit in state court in Harris County, Texas. Plaintiff alleges that Defendant's negligence caused the accident. Plaintiff alleges also that Defendant defectively designed and manufactured the storage vessel. Defendant removed the case to federal court and moved to transfer the case to the Northern District of Texas, Amarillo Division. The Motion to Transfer has been fully briefed and is ripe for decision.

## II. MOTION TO TRANSFER

### A. Applicable Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 n.1 (5th Cir. 2008) (*en banc*), *cert. denied*, 129 S. Ct. 1336 (2009) ("*Volkswagen II*"). To determine whether transfer is appropriate under § 1404, the

Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

The moving party must also show good cause for a transfer of venue. *Volkswagen II*, 545 F.3d at 315. To show good cause, a moving party must "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Id.* If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

The Court must consider both private and public factors in deciding whether the transfer would be clearly more convenient for the parties and witnesses and serve the interests of justice. *See Volkswagen II*, 545 F.3d at 315. While "a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." *Id.* "However, when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice." *See Apparel Production Servs. Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp.2d 451, 453 (S.D. Tex. 2008) (citing *In re Horseshoe Enter.* 337 F.3d 429, 434-35 (5th Cir. 2003)).

"The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a). *Spiegelberg*, 402 F. Supp. 2d at 790. When the distance traveled is beyond 100 miles, inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. *Volkswagen I*, 371 F.3d at 204–05. In considering the convenience of witnesses, the relative convenience to key witnesses and key non-party witnesses is accorded greater weight in the venue transfer analysis. *See Spiegelberg*, 402 F. Supp. 2d at 790–91 (non-party witnesses); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994) (key non-party witnesses); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) (key witnesses).

"The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the

avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

These public and private factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)).

**B.     Analysis**

The initial inquiry is whether this case could have been brought in Amarillo. It is undisputed that Defendant is subject to personal jurisdiction in the federal court in Amarillo. It is also undisputed that the incident in which Plaintiff was injured occurred within the Amarillo Division, establishing proper venue in that district court. *See* 28 U.S.C. § 1391(a). As a result, this case could have been brought in the Northern District of Texas, Amarillo Division.

*Private Interest Factors*. The private interest factors weigh heavily in favor of transfer. It is undisputed that Plaintiff does not reside in Houston but, instead, is a resident of Colorado. The dispute involves an incident that occurred within the Amarillo Division.

All of the identified key witnesses reside either in the Amarillo Division or significantly closer to Amarillo than to Houston. For example, at least five of the key

witnesses, including three medical providers, reside in the Amarillo Division.[1] None reside in the Southern District of Texas. Nine other key witnesses reside in Colorado or Oklahoma in locations substantially closer to Amarillo than to Houston. Most of the relevant documents, including medical records, are in Amarillo. The attendance of the key witnesses could be obtained with less difficulty and undue expense for a trial in Amarillo. Indeed, the Southern District of Texas could not compel the attendance at trial of any witness who resides more than 100 miles away (which would be all witnesses in this case) and who demonstrates that attending the trial would cause substantial expense.[2] *See* FED. R. CIV. P. 45(c)(3)(B)(iii). All witnesses are outside the Southern District of Texas's subpoena power for depositions.

*__Public Interest Factors__*. The public interest factors also weigh heavily in favor of transfer. The Southern District of Texas is an exceedingly busy court, and it is a waste of judicial time and resources for this Court to resolve a dispute that has no

---

[1] One of the medical provider witnesses, Dr. Richard Murray, is an Intervention Radiologist at Northwest Texas Health Care Systems in Amarillo. He is the only person in the area who is fully qualified to perform the tasks associated with that position. *See* Affidavit of Dr. Richard Murray [Doc. # 16], ¶ 2. Whether viewed as a private interest factor related to the convenience of witnesses or as a public interest factor related to local concerns, it is clear that the need for Dr. Murray to attend trial in Houston and thereby deprive the citizens of the Amarillo area of Dr. Murray's services during a trial weighs heavily in favor of transfer.

[2] Plaintiff asserts that three of the key fact witnesses have been deposed or are scheduled to be deposed. Defendant should not, however, be required to present evidence through deposition testimony rather than through live witnesses at trial.

connection to this forum. Although statistically the two districts handle their caseload in an almost identical amount of time, at the end of fiscal year 2010, there were 10,888 cases pending in the Southern District of Texas and 4,526 pending in the Northern District. *See* Exhibits E and F to Motion to Transfer. At that same time, the number of pending cases per judge in the Southern District was 573 and the number of pending cases per judge in the Northern District was 377.

This is not a local Houston dispute, and jurors in the Southern District of Texas should not be required to commit their time to resolve a dispute from the Northern District. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."). Plaintiff notes that he has asserted a products liability claim against Defendant, and he cites *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757 (E.D. Tex. 2000), for the proposition that a district has an interest in a products liability lawsuit where the Defendant and its products are present in the district. *See* Response, pp. 11-12. In *Mohamed*, however, the only claim was a products liability claim directed at the product and not at the accident itself. *See Mohamed*, 90 F. Supp. 2d at 779. The district court concluded that the residents of the district "would be interested to know whether there are currently defective products offered for sale" in the district and whether they "were exposed to these allegedly defective products in

their everyday lives." *Id.* at 780. In this case, there are no allegations or evidence that the allegedly defective "storage vessel" at issue was designed, manufactured, or offered for sale in the Southern District of Texas, or that it or similar storage vessels are used at Defendant's operational facility in Baytown such that they would expose residents of the Southern District of Texas to danger. Plaintiff's reliance on *Mohamed* thus is unpersuasive. It is clear, however, that the citizens of the Amarillo Division of the Northern District of Texas have an interest in a dispute involving an injury that occurred in that division and allegedly resulted from an allegedly defective product that was used in the division, resulting in the provision of medical care to Plaintiff in the division. The local interest factor weighs heavily in favor of transfer.

The factors regarding familiarity with the governing law and avoiding conflict of law and the application of foreign law are not applicable in this case because both Courts are in Texas.

## III. CONCLUSION AND ORDER

Both the private and public interest factors weigh heavily in favor of transferring this case to the Northern District of Texas, Amarillo Division, where it could originally have been brought. Plaintiff's current choice of this forum is entitled to little deference because he is not a resident of this forum and his injury did not occur here. *See Apparel Production,* 546 F. Supp. 2d at 453. The convenience of the

parties and the witnesses, and the interests of justice, favor having this lawsuit decided in the district and division where the injury to Plaintiff occurred and where he received medical treatment immediately following the injury. Because Defendant has "clearly demonstrate[d] that a transfer is for the convenience of parties and witnesses, [and] in the interest of justice," this case will be transferred to Amarillo. It is hereby

**ORDERED** that Defendant's Motion to Transfer Venue [Doc. # 13] is **GRANTED**. This case will be **TRANSFERRED** by separate order to the United States District Court for the Northern District of Texas, Amarillo Division.

SIGNED at Houston, Texas, this 9th day of **May, 2011**.

_____
Nancy F. Atlas
United States District Judge